IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 04-cv-01536 - LTB - CBS

JUDITH KAHLE,

    Plaintiff,

v.

ADAMS COUNTY, COLORADO, a body corporate and politic; and
JOHN LeFEBVRE, in his individual capacity,

    Defendants,

and

DEBRA BENTON,

    Intervenor.

_____

ORDER
_____

    This case is before me on Debra Benton's ("Benton") Combined Motion to Intervene and Modify Protective Order [Doc # 35]. After consideration of the motion and all related pleadings, as well as the case file, I grant the motion as set forth below.

**I. Background**

    Benton is the plaintiff in Civil Action No. 06-cv-01406-PSF-MEH (the *"Benton Case"*), wherein she asserts claims against Defendants in connection with the termination of her employment with the Adams County Treasurer's Office. In particular, Benton asserts that she was terminated as a result of political activities that she engaged in while employed in the Treasurer's Office. In this case, Plaintiff likewise asserted claims against Defendants in

connection with the termination of her employment with the Adams County Treasurer's Office. More specifically, Plaintiff alleged that she was terminated as a result of her political affiliation. This case was dismissed with prejudice by stipulation of the parties on July 29, 2005, while the *Benton Case* remains pending.

By the motion, Benton seeks to intervene in this case in order to modify the Stipulated Protective Order so that she can obtain documents that have been designated as confidential thereunder.

## II.  Analysis

As a preliminary matter, I note that Plaintiff only objects to Benton's motion to the extent that it implicates private and personal information relating to her.  Plaintiff's objection requests that Benton be bound by the terms of the Stipulated Protective Order with respect to her personnel records and that Plaintiff's personal tax and medical information be excluded from production.  Benton is agreeable to these restrictions which are incorporated into this Order.

Defendants' objections to Benton's motion are twofold.  First, Defendants argue that Benton's motion should be denied on the basis that is untimely.  This argument is predicated on the fact that the discovery cut-off date in the *Benton Case* has passed.  As a result, Defendants argue that Benton's motion represents an improper attempt to circumvent the discovery deadline in the *Benton Case*.  If Benton had not attempted to obtain the documents from this case through timely discovery in the *Benton Case*, Defendants' argument might have some merit.  Benton did, however, request the subject documents from this case through written discovery in the *Benton Case,* but her request was denied based on the Stipulated Protective Order and this Court's ongoing jurisdiction over matters relating to it.  Additionally, the timeliness requirement for

intervention under Fed. R. Civ. P. 24(b) "is to prevent prejudice in the adjudication of the rights of the existing parties." *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990). This concern is of no consequence when the existing parties have settled their dispute and intervention is for the collateral purpose of challenging a protective order. *Id.* Defendants' argument that Benton's motion is untimely must therefore fail.

Defendants next argue that Benton's motion should be denied because she cannot establish common facts between this case and the *Benton Case* that would warrant the relief requested. However, "[w]hen a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *Id.* Here, Benton has demonstrated sufficient commonality between the facts of this case and the *Benton Case* to support her intervention for the limited purposes of modifying the Stipulated Protective Order. Defendants may, of course, challenge the relevance of any documents produced from this case in the *Benton Case*. *Id.* at 1428-9.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Benton's Combined Motion to Intervene and Modify Protective Order [Doc # 35] is GRANTED.

2. The Stipulated Protective Order entered in this case is hereby modified to the effect that the parties may produce copies of all discovery from this case, with the exception of that relating to Plaintiff's personal tax and medical information, to Benton.

3. All other provisions of the Stipulated Protective Order shall remain in effect, and Benton shall be bound by the terms of this Order as if she was a party to the original.

Dated: August    16   , 2007 in Denver, Colorado.

               BY THE COURT:

                  s/Lewis T. Babcock
               LEWIS T. BABCOCK, JUDGE